# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-20327
Summary Calendar

May 31, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR IVAN MONITA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-696-4

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Omar Ivan Monita pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, attempting to commit that crime, conspiracy to use a firearm in furtherance of that crime, and using a firearm in furtherance of that crime. He was sentenced to 120 months, the mandatory minimum, on the drug counts, a concurrent 120 months on the firearm conspiracy count, and a consecutive five years for using a firearm. He appeals and contends that the district court erred by failing to make "further inquiry"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

into the voluntariness of his plea in light of doubts about whether he understood that his sentence could be based on a drug amount larger than that charged in the indictment.

We review for plain error because the issue was not raised in the district court. *See Puckett v. United States*, 556 U.S. 129, 134 (2009). Consequently, if Monita shows a forfeited error that is clear or obvious and that affected his substantial rights, we have discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 135 (internal quotation marks and citation omitted). Monita must show a reasonable probability that the error affected his decision to plead guilty. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The district court explicitly advised Monita that his sentence would be based on the drugs he was "responsible for" which could include "what other people who were part of the conspiracy did." The court also advised him that he faced a mandatory minimum sentence of 120 months for the drug crimes, with a possible sentence of life. Monita fails to show any error because he does not explain how any doubts arose or what further inquiry should have been made after he stated under oath that he understood the court's admonishments. *See United States v. Cothran*, 302 F.3d 279, 283-84 & n.2 (5th Cir. 2002).

In addition, because Monita pleaded guilty in the face of a life sentence, nothing suggests that he would not have done so had the court made further inquiries about relevant drug quantity. *See Dominguez Benitez*, 542 U.S. at 83; *Cothran*, 302 F.3d at 283-84. Moreover, Monita received the mandatory minimum sentence based only on the drug amount charged in the indictment. *See* 21 U.S.C. § 841(b)(1)(A)(ii). Therefore, any error did not affect the fairness of the judicial proceedings. *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.